210 P.2d 967

**MADRIGAL v. INDUSTRIAL COMMIS-
SION et al.**

No. 5140.

Supreme Court of Arizona.

Oct. 24, 1949.

Elijah Allen, of Mesa, L. J. Cox, Jr., and Cox, Lockwood & Lockwood, of Phoenix, attorneys for petitioner.

H. S. McCluskey, Phoenix, attorney for respondent Industrial Commission of Arizona. Robert E. Yount, Phoenix, of counsel.

Snell, Wilmer, Walsh, Melczer & Beauchamp, of Phoenix, Kramer, Morrison, Roche & Perry, of Phoenix, Stockton & Karam, of Phoenix, Westover & Mansfield, of Yuma, Stidham & Udall, of Phoenix, Jennings, Strouss, Salmon & Trask, of Phoenix, Whitney, Ironside & Whitney, of Phoenix, Ellis & Walker, of Eloy, Anderson & Smith, of Safford, Reed, Wood & Mangum, of Coolidge, amici curiae.

UDALL, Justice.

Petitioner Jose Madrigal seeks annulment of an award made by the respondent commission disallowing his claim for compensation under its policy of insurance issued to the A. B. C. Produce Company, respondent employer. The lawfulness of the commission's action in reforming its policy of insurance excluding petitioner from coverage after he had suffered an injury is the decisive question presented.

There is no material conflict in the evidence. Petitioner was employed by the produce company as an agricultural worker not engaged in the use of machinery. During the noon hour on the 21st day of April, 1947, petitioner and three fellow employees were eating their lunch under a trailer-truck then situated on the employer's premises, when without warning the truck driver started the truck causing the rear wheel of the trailer to run over petitioner thereby severely injuring him. It is conceded that petitioner sustained an injury arising out of and in the course of his employment within the rules laid down by this court in Pacific Fruit Express Co. v. Industrial Commission, 32 Ariz. 299, 258 P. 253, 55 A.L.R. 975; Goodyear Aircraft Corp v. Industrial Commission, 62 Ariz. 398, 158 P.2d 511; and Goodyear Aircraft Corp. v. Gilbert, 65 Ariz. 379, 181 P.2d 624.

The employer made no formal report of the injury, and it was not until July 10, 1947, that petitioner filed his first claim for compensation. On July 23, 1947, when the claim was first called to the attention of Byron F. Hunter, manager of the commission's underwriting department, he wrote the respondent employer calling attention to a claimed mutual mistake in the issuance of the policy and enclosing a retroactive

endorsement purportedly excluding all farm labor from coverage.

Petitioner filed an amended claim for compensation on February 5, 1948. A hearing was then had, the claim was denied, and the file closed. Thereafter a rehearing was granted, testimony was taken, and on July 6, 1948, the commission affirmed its previous order denying compensation. Petition for this review followed.

From the viewpoint of the commission the uncontradicted testimony of Mr. Hunter best explains how the alleged mistake occurred. "Q. What prompted the writing of that letter and the writing of that endorsement? A. Apparently there are two reasons. In the first place the policy itself is apparently issued in error or is inconsistent with the application. In the application for insurance which is signed by the company in answer to question 13, 'is it the intention of the employer to employ agricultural workers or domestic servants, employees engaged in household or domestic service at employer's residence' the answer is, 'No'. Then continuing this item 13, 'if so, is insurance coverage for such employees desired?' the answer is blank. In spite of that we go ahead and issue the policy to fully cover farm labor under our classification 0006 and in addition issue an all-inclusive endorsement as to employees under farm and/or ranch operations, including contract workers. As we received the payroll reports of the employer we noted that they fail to report contract or any other employees under classification 0006, farm and/or ranch labor, and consequently no premium is paid thereon. The file shows that after receipt of seven and a half months of payroll reports with no farm and/or ranch labor we re-checked the file and reformed it by our letter of July 23, and endorsement countersigned the same date." The witness further testified that he had received no application from the company to change the policy in any way; that he had no knowledge of whether the company had employed any ranch labor, or whether the applicant was in the actual employ of the company at the time of injury; that he was acting upon the application of the employer for the policy, and the determination that agricultural labor not employed in the use of machinery was not covered under the policy; and that the endorsement was made to clarify this determination.

The position of the commission is that a mutual mistake was made in the issuance of the original contract or policy of insurance; that the farm labor rider 0006 was erroneously attached; that it is within the jurisdiction of the Industrial Commission or its duly authorized agent to reform its policy of insurance and the coverage thereunder to conform to the agreement of the parties.

It is the position of the employer that by its application for insurance it is clear that it did not elect to insure agricultural labor not engaged in the use of machinery; that

it did not report or pay premium upon such labor; that it did not consider that the petitioner was insured, and did not for that reason report the injury to the Industrial Commission. That this was the construction placed upon the policy by the employer from its inception is further evidenced by the three quarterly pay roll reports filed with the commission, from which it appears that the employer was not listing any farm labor. The secretary of the A. B. C. Produce Company, who was also a member of its board of directors, testified that the injury in question was not reported "because he was farm labor and we never filed on them." Furthermore, the employer made no response or protest to the concluding part of Mr. Hunter's letter of July 23, 1947, wherein he said, "If this endorsement is not in accordance with your understanding, please advise."

It is the contention of petitioner that all farm labor was, at the time he was injured, covered under rider 0006 attached to the policy of insurance, and that he was insured thereunder despite the attempted retroactive endorsement. He maintains that where, as here, the express terms and language of the policy are not ambiguous or uncertain the commission must give effect to the terms of the policy as written even though there be a conflict between the application and the policy. He also argues that the policy of insurance could not be reformed without his consent. Finally it is claimed that rights had accrued to petitioner under the contract of insurance and that he, being a third party for whom the contract had been made, was entitled to enforce the policy. As to this latter contention reliance is had upon the general rule of law that "a third person may * * * enforce a promise made for his benefit even though he is a stranger both to the contract and to the consideration." 12 Am.Jur., Contracts, Sec. 277. See also Steward v. Sirrine, 34 Ariz. 49, 267 P. 598; Treadway v. Western Cotton Oil & Ginning Co., 40 Ariz. 125, 10 P.2d 371.

At the outset it is well to keep in mind that, petitioner being an agricultural employee "not employed in the use of machinery," there was no statutory obligation upon the respondent employer to insure him, though the employer might have voluntarily done so. Sec. 56-928, A.C.A.1939; Blasdell v. Industrial Commission, 65 Ariz. 373, 181 P.2d 620. The commission cannot compel an employer to insure employees who are excluded from the benefits of the compensation law, or whose inclusion is entirely voluntary on the part of the employer. Industrial Commission v. Orizaba Mining Co., 61 Ariz. 152, 145 P.2d 850; Industrial Commission v. Arizona Power Corp., 61 Ariz. 248, 148 P.2d 360. The Industrial Commission may not if it issues a policy arbitrarily exclude any class of employees required to be insured under the terms of a policy. West Chandler Farms Co. v. Industrial Commission, 64 Ariz. 383, 173 P.2d 84.

Barring the matter of a mistake in the drafting of an insurance policy it is of course well settled that the parties to a contract of insurance cannot amend the policy after an accident to defeat rights of compensation that had accrued before the amendment, for that would impair vested rights. Home Accident Ins. Co. v. Pleasant, 36 Ariz. 211, 284 P. 153. See also annotation 107 A.L.R. 1514. Where, however, it is claimed that the policy as written does not correctly express the intent of the parties, before any rights can be asserted thereunder it becomes necessary to determine what was the true intent of the contracting parties. In this connection policies of insurance are no different from any other contract. See 29 Am.Jur., Insurance, Sec. 157: "As in the case of contracts generally, the cardinal principle pertaining to the construction and interpretation of insurance contracts is that the intention of the parties should control. * * *"

After carefully reviewing the entire record we are of the considered opinion that there is ample evidence to sustain the commission in impliedly finding that there had been an initial mistake in adding the coverage of farm labor operations (classification 0006) to the policy of insurance issued to the respondent-employer. Manifestly there was no intent on the part of either the insurer or the assured to cover this class of workers by the contract or policy of insurance. Petitioner offered no proof to the contrary and we may safely assume that the commission would not be a party to a fraudulent scheme to change its insurance policy after an accident had occurred in order to escape liability.

The crucial question therefore is: Does the commission have the right and power to reform a policy of insurance to speak the common intent of the parties where the terms of the policy are plain and unambiguous but where there exists a mutual mistake in its issuance? Reformation of an instrument necessarily involves the exercise of equitable powers. In the recent case of S. H. Kress & Co. v. Superior Court of Maricopa County, 66 Ariz. 67, 182 P.2d 931, we held that the Industrial Commission had jurisdiction to determine all questions of fact and law, including equitable remedies or defenses relating to workmen's compensation insurance matters. For prior holdings to the same effect see Red Rover Copper Co. v. Industrial Commission, 58 Ariz. 203, 118 P.2d 1102, 137 A.L.R. 740 and Kennecott Copper Corp. v. Industrial Commission, 62 Ariz. 516, 158 P.2d 887. Although the question as to its right to correct a mutual mistake incorporated in a policy of insurance has not arisen before in this jurisdiction, we had occasion to hold that the commission had the right by a nunc pro tunc order to correct its records to make them conform to its actual findings and to speak the truth. Hamer v. Industrial Commission, 43 Ariz. 349, 31 P.2d 103. Consonant with the above holding it is our opinion that the commission also has the

right to correct a mutual mistake arising in the issuance of a policy of insurance. In support of this conclusion we quote with approval the rule announced in 27 Cal.Jur., Workmen's Compensation, Sec. 205, p. 560: "Although the parties to a contract of insurance may not amend the policy after an accident so as to defeat rights of compensation that accrued before the amendment, yet if the policy issued differs from that actually contracted for and, by mutual mistake of the parties, expresses an agreement not intended by them, there is no reason why they may not alter its provisions so as to have them state their actual intent unless some element of estoppel prevents. * * *" See also Employers' Liability Assur. Corp. v. Industrial Accident Commission, 179 Cal. 432, 177 P. 273, and National Automobile Ins. Co. v. Industrial Accident Commission, 27 Cal.App.2d 225, 80 P.2d 1024. We fail to perceive any element of estoppel in this case. While estoppel may be urged for the protection of a right, it can never create a right. Rieves v. Smith, 184 Ga. 657, 192 S.E. 372, 112 A.L.R. 368; Henry County v. Standard Oil Co., 167 Tenn. 485, 71 S.W.2d 683, 93 A.L.R. 1483; American Life Ins. Co. of Alabama v. Hutcheson, 6 Cir., 109 F.2d 424; State ex inf. Shartel ex rel. City of Sikeston v. Missouri Utilities Co., 331 Mo. 337, 53 S.W. 2d 394, 89 A.L.R. 607.

With the contract of insurance reformed to express the true intent of the parties, i. e., that agricultural workers such as pe-titioner were not to be covered by the policy, there remains no factual basis for reliance upon the doctrine that a third person may enforce a contract made for his benefit. As this court said in the Treadway case, supra [40 Ariz. 125, 10 P.2d 376], "* * * The benefit contemplated by the rule must be *intentional* and direct." (Emphasis supplied.)

Petitioner in a final effort to obtain compensation would have us upset the award by adopting the minority views expressed in the dissent of Justice Lockwood in the case of Melendez v. Johns, 1938, 51 Ariz. 331, 76 P.2d 1163, 1173. The court in that case, it will be remembered, divided on the question as to which employers and employees were covered by the act. The dissent interpreted the law, Sec. 56-928 and 56-929, A.C.A.1939, to mean that "if the employer is within the act, then all his employees engaged in that business, except casual workmen, are protected by the act, no matter what was the character of the work they were doing at the time", whereas, the court's opinion was to the effect that such a construction would be nothing short of judicial legislation. It held that "employers of agricultural workers not employed in the use of machinery are not subject to the law, unless they elect to be." In other words the court interpreted the legislative act to be subject to certain "exclusions" therein named rather than to be "all inclusive" as Justice Lockwood's dissent would have it read.

Notwithstanding the fact that counsel for the commission agrees with the petitioner that the Melendez v. Johns case, supra, was incorrectly decided, we have very carefully reviewed this decision, as well as subsequent pronouncements of this court in West Chandler Farms Co. v. Industrial Commission, supra, and Blasdell v. Industrial Commission, supra, in which this court has reaffirmed the interpretation of the Compensation Act as pronounced in the Melendez case. After such study we find ourselves entirely in accord with the majority opinion in the latter case and we feel that little could be added to the sound reasoning employed therein by the late Justice Ross. We are not impressed with petitioner's plea for a more liberal interpretation in this matter, as for us to so enlarge the coverage of the act would not be a liberal interpretation but would amount to nothing short of judicial extension. The decision in the Melendez case was announced more than a decade ago and it would seem that if the court incorrectly divined the intent of the legislature ample time has elapsed for that department of government to have since amended the law in respect to the matter here under consideration. Not having done so, we are entitled to assume the interpretations made by the court were correct. 50 Am.Jur., Statutes, Sec. 326; McCain v. State Election Board, 144 Okl. 85, 289 P. 759. But there is even more convincing evidence that the holding in the Melendez case is not at variance with the results intended by the legislature. Both

Secs. 56-928 and 56-929, supra, which deal with the exclusion of certain agricultural laborers, have been expressly considered by the legislature since the decision in the Melendez case, and both of said sections have been amended in other respects, but the specific language in each section which was construed by the court was reenacted without any change in substance. See Chap. 33, Laws of 1945; Chap. 65, Laws of 1943, and Chap. 113, Laws of 1947. It is universally the rule that where a statute which has been construed by a court of last resort is reenacted in the same or substantially the same terms, the legislature is presumed to have placed its approval on the judicial interpretation given and to have adopted such construction and made it a part of the reenacted statute. 59 C.J., Statutes, Sec. 625; 50 Am.Jur., Statutes, Sec. 442; Moore v. Chilson, 26 Ariz. 244, 224 P. 818; In re Hebert's Estate, 42 Cal App.2d 664, 109 P.2d 729; Electric Storage Battery Co. v. Shimadzu et al., 307 U.S. 5, 613, 616, 59 S.Ct. 675, 83 L.Ed. 1071. Therefore, both upon logic and reason as well as the doctrine of stare decisis we are influenced to stand by the majority opinion in the Melendez case.

We conclude that under the facts shown by this record the action of the commission in reforming the policy of insurance due to the mutual mistake of the insurer and assured was fully justified and was not illegal or in excess of its jurisdiction. It follows therefore that petitioner was not

covered by the policy as reformed and hence compensation was properly denied.

Award affirmed.

LA PRADE, C. J., and STANFORD, PHELPS and DE CONCINI, JJ., concur.