432 P.2d 600

James M. LOVELESS, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, and John Ahearn, Frank G. Murphy and C. Lawrence Huerta, Members of the Industrial Commission of Arizona, Respondents,

Joseph Rae and Herman Katz, (Rocking K Ranch), Defendant Employer.

No. 1 CA–IC 155.

Court of Appeals of Arizona.

Oct. 25, 1967.

Alfred J. Rogers, Tucson, for petitioner.

Henry Zipf, by H. W. Lyle, Tuscon, for Joseph Rae and Herman Katz (Rocking K Ranch) defendant employer.

Robert K. Park, Chief Counsel by Dee-Dee Samet, Phoenix, Spencer K. Johnston, Tucson, for respondent The Industrial Commission.

DONOFRIO, Judge.

This is a writ of certiorari to review the lawfulness of the decision of The Industrial Commission of Arizona finding petitioner's claim noncompensable.

The sole issue is whether petitioner's accident of September 28, 1966 arose out of and in the course of his employment.

The facts about which there appears to be no conflict are as follows: Petitioner had been employed by the Rocking K Ranch since 1961 and had been their foreman and manager since June 1, 1966. As foreman and manager his job consisted of overseeing the complete operation located in Pima County, covering some 10,000 acres. He acted also as caretaker and watchman and was required to live in a house located on the ranch. He was on duty 24 hours a day. Every evening one of his usual duties was to lock the gates that led to the shed and stallion barn. Then he would check to see that everything was satisfactory. In checking the area it was customary for him to carry a pistol. This pistol was carried because of the fact there had been previous acts of vandalism on the ranch and he had been shot at in the past. The pistol was furnished to him by his employers who knew that it was carried by petitioner on his night rounds to protect the ranch property and himself. Petitioner's son and his family had just moved to Tucson from California. On the day of the accident the son and his family were at the ranch visiting. After dinner, about 8:30 p. m., they were sitting around when petitioner said he had to do some chores. Petitioner got the gun he carried on his rounds. His son asked to see the gun, as he was interested in weapons. He then took the gun from petitioner, went outside and fired it up in the air. The son testified that he had been around guns all his life and that he knew the weapon was a new 38 automatic. He testified that after firing the weapon up in the air in the patio, he turned around and started back to the house. He opened the screen door to enter the house and as he was doing so, the screen door bumped his arm, the weapon discharged, and the bullet entered the petitioner who was standing in the living room of the house. The son testified that after he had looked the gun over and discharged it in the patio he started back in the house to return the gun to his father when the accidental discharge occurred.

Petitioner in effect contends that the source of the injury was due to and reasonably contemplated by his employment, which employment contributed to the hazard out of which the injury occurred. It is argued that when the son entered the house after firing the gun in the patio, he intended to give the pistol back to the father who was waiting for it so that he could make his night rounds.

Petitioner argued that the situation is no different than had he told his son to get his pistol for him so that he could make his night rounds, and as his son started to hand him the gun it accidentally went off, injuring petitioner. In support he cites the rule treated in 1 Larson, Workmen's Compensation Law, Sec. 12.31, to the effect that where the carrying of a weapon is not reasonable in view of the nature of the employment, injury from the accidental discharge of the weapon may be held compensable. We cannot agree with petitioner.

■ Each claim for compensation must be considered on its own facts. To be com-

pensable, the accidental injury must arise out of and in the course of employment. These elements of "arising out of" and "in the course of employment" must exist at the same time. Peter Kiewit Sons' Co. v. Industrial Commission, 88 Ariz. 164, 354 P.2d 28 (1960).

■ Although petitioner was on duty 24 hours a day, we cannot see that the giving of the weapon by him to his son and the actions of the son in taking the gun and firing it into the air for his own personal benefit had anything to do with the employment. What petitioner did in this regard could only be for purely personal reasons; i. e., his relationship to his son and his desire to grant his son's request. What the son did was because of his own personal interest and curiosity in guns. The relationship of the gun to petitioner and his employment was interrupted at this point. The gun was not returned to petitioner prior to the accident. Thus the accident did not arise out of the employment of petitioner but out of a purely personal venture. Petitioner's employment did not set up this accident or the danger or create the risk that petitioner took in handing the gun to his son.

The findings and award are reasonably supported by the record. Affirmed.

CAMERON, C. J., and STEVENS, J., concur.