472 P.2d 94

**STATE COMPENSATION FUND and Valley Redi-Mix Company, Petitioners,**

v.

**Johanna M. KEMPAINEN, Respondent-Claimant,**

**Industrial Commission of Arizona, Respondent.**

**No. 1 CA–IC 336.**

Court of Appeals of Arizona, Division 1, Department A.

June 23, 1970.

Robert K. Park, Chief Counsel, Phoenix, for petitioner State Compensation Fund.

Morgan & Jerome, by Donald J. Morgan, Phoenix, for respondent-claimant Johanna M. Kempainen.

Donald L. Cross, Chief Counsel, by William C. Wahl, Jr., Phoenix, for respondent Industrial Commission of Arizona.

DONOFRIO, Presiding Judge.

This case is before the Court by writ of certiorari to review the lawfulness of the Decision upon Hearing and Amended Findings and Award For Death Benefits, which decision was entered by the Industrial Commission April 10, 1969.[1] Review is sought also of the order denying rehearing and affirming the April 10, 1969 decision, which order was entered on August 8, 1969.

■ The question presented to the Court is whether the award of the Industrial Commission is reasonably supported by the evidence.

The Commission made the following findings which are pertinent to this appeal:

"1. The decedent, John Wayne Kempainen, met his death as a result of injuries sustained in an automobile accident on February 13, 1967.

"2. At the time of his death the decedent was driving a truck owned by the defendant employer, equipped with a two-way radio and provided to the decedent by the employer.

"3. At the time of the accident the decedent was traveling from a job site home to dinner.

"4. By reason of the fact that the means of transportation was provided by the defendant employer, decedent's employment would have continued until he arrived home, and so the accident in which decedent lost his life must be considered as arising out of and in the course and scope of his employment."

The facts are not in dispute. The decedent, age 53, was General Superintendent of Valley Redi-Mix at the time of his death on February 13, 1967. He was a salaried employee, and as such was subject to call 24 hours a day. For the transportation and delivery of cement, Redi-Mix maintained a fleet of transit mix trucks which were not equipped with radios. It also maintained a fleet of seven cars and pickups which were equipped with two-way

1. This case was decided under the law as it existed prior to January 1, 1969.

radios. The decedent was allowed to use one of the radio-equipped pickup trucks belonging to the employer. On the date of his death the decedent left the premises at approximately 5:15 p. m. He drove to an adjoining property where the company had delivered cement that day and talked with two men who were doing finishing work on a concrete slab, between 5:30 p. m. and 5:45 p. m. He asked these men if they would like to have a sandwich or coffee, and when they declined he indicated to them that he would see them later, or that they could call him at home if they had trouble.

The decedent then traveled to Mill Avenue and proceeded north on that street, his most direct route home. At approximately 6:00 p. m. the decedent's vehicle sideswiped a car parked in the six-hundred block on the east side of Mill Avenue. After sideswiping the parked car, decedent's vehicle traveled approximately four additional blocks to a point where it ran into the pole of a street light. A police sergeant from the Tempe Police Department observed the decedent's pickup truck after the sideswiping incident and noted neither a slackening of the vehicle's speed before it struck the pole, nor illumination of the truck's brake lights, the latter of which would have indicated an attempt to slow the truck before the collision. The accident occured in daylight.

■ The petitioners aver that this case presents a legal question of first impression in Arizona. We do not agree. This situation was fully discussed and adjudicated in Strauss v. Industrial Commission, 73 Ariz. 285, 240 P.2d 550 (1952). There the Supreme Court discussed an exception to the "going and coming" rule. This exception applies where transportation is furnished the employee at the expense of the employer and it is made to appear that the time consumed in going to and coming from work is for the employer's benefit. Citing an annotation dealing with this subject, 145 A.L.R. 1033 (1943), our Supreme Court re-

fers to the hundreds of cases collected therein:

"* * * Running through these cases is the thought that the employer by furnishing transportation enabling an employee to transport himself from his home to his place of employment and return home has agreed that the employment shall be continuous during such travel periods. The courts frequently emphasize that such rule has special application to cases where the employee is required to work extra hours. * * *" 73 Ariz. at 289, 240 P.2d at 553.

See also Serrano v. Industrial Commission, 75 Ariz. 326, 256 P.2d 709 (1953).

It is the opinion of this Court that the award of the Commission finds reasonable support in the evidence.

Award affirmed. ·

STEVENS and CAMERON, JJ., concur.