510 P.2d 62

Joveta DuHAMELL, widow of Patrick E. Du-Hamell (Deceased); George Paul Richards, James B. Richards and Debra Dee DuHamell, by their Guardian ad Litem, Joveta Du-Hamell, as beneficiaries of Patrick E. Du-Hamell, Deceased, Petitioners,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

G. B. F. Motors, Respondent Employer,

Maryland Casualty Company, Respondent Carrier.

No. 1 CA–IC 716.

Court of Appeals of Arizona, Division 1, Department B.

May 22, 1973.

Langerman, Begam & Lewis, P. A. by Jack Levine, Phoenix, for petitioners.

William C. Wahl, Jr., Chief Counsel, Phoenix, for respondent, The Industrial Commission of Arizona.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Donald L. Cross, Phoenix, for respondent carrier.

HAIRE, Judge.

In this review by certiorari, the petitioning widow and dependent children of a deceased workman urge that the Industrial Commission and its hearing officer erred in concluding that the employee's death did not arise out of and in the course of his employment as an automobile salesman.

The accident resulting in the death occurred at a street intersection in Coolidge, Arizona, when the decedent made a left turn into the path of an oncoming vehicle. At the time of the collision the decedent was driving an automobile furnished by his employer for both personal and business use. It is not contended that he was proceeding to or from his employer's place of business or that the accident resulted from some inherent defect in the vehicle. The basic issue presented is whether the evidence supports the hearing officer's finding (affirmed by the Commission on review) that at the time of the accident the decedent was on a strictly personal journey to a football game rather than on his way to a combined social engagement and business appointment as contended by petitioners.

The factual picture presented to the hearing officer was not clear cut. The direction and route the decedent was taking, and the time of the accident, were consistent with either destination. The fact that the collision occurred shortly before 8:00 p. m., well after the decedent's "normal" working hours, is immaterial under the facts of this case since it is admitted that the nature of the decedent's employment was such that he might well be engaged in his employer's business at practically any time of the day or night. The hearing officer was thus left with the difficult task of evaluating the somewhat conflicting remaining evidence consisting of various prior conversations of the decedent with his wife and others concerning his plans for the evening.

Initially we note that the mere fact that the decedent was involved in an accident while using an employer-furnished instrumentality (here the automobile) does not automatically place him within the course and scope of his employment so as to result in compensability. Each case must be decided upon its own facts, and, in

order for compensation coverage to exist, the facts must show something more than a strictly personal use or activity by the injured workman. Buick v. Industrial Commission, 82 Ariz. 129, 309 P.2d 257 (1957); Wyckoff v. Industrial Commission, 14 Ariz.App. 288, 482 P.2d 897 (1971); Loveless v. Industrial Commission, 6 Ariz.App. 345, 432 P.2d 600 (1967); *cf.* Strauss v. Industrial Commission, 73 Ariz. 285, 240 P.2d 550 (1952); State Compensation Fund v. Kempainen, 12 Ariz.App. 483, 472 P.2d 94 (1970). Here, the hearing officer concluded that the decedent was using the automobile in an activity engaged in for purely personal enjoyment—going to a football game. Because of the circumstantial nature of the evidence presented, the hearing officer's conclusions had to be based upon inferences which he drew from the evidence presented to him.

It is well established by prior Arizona decisions that in workmen's compensation proceedings the Industrial Commission sits as the trier of fact. Malinski v. Industrial Commission, 103 Ariz. 213, 439 P.2d 485 (1968); Arnott v. Industrial Commission, 103 Ariz. 182, 438 P.2d 419 (1968). As the trier of fact, it is for the Commission to draw inferences from the evidence, and where several inferences may be drawn, the drawing of the inference is exclusively the province of the Commission. Harrington v. Industrial Commission, 84 Ariz. 356, 328 P.2d 311 (1958). It is our opinion that under the 1968 amendments to the Arizona Workmen's Compensation Act, the hearing officer sits as the trier of fact, and the above-stated principles are equally applicable to his determinations when this Court is reviewing his award which has been affirmed on review by the Commission.

Without detailing any further the evidence submitted to the hearing officer, suffice it to say that we have reviewed the entire record and find that the inferences drawn by the hearing officer are reasonable and supported by the evidence. The care and concern which the hearing officer directed to this matter is amply demonstrated by his meticulous and well-reasoned decision.

The award is affirmed.

JACOBSON, C. J., and EUBANK, P. J., concur.