551 P.2d 551

Chester T. OLSZEWSKI, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

Capitol Foundry, Respondent Employer
and Respondent Carrier.

No. 12322–PR.

Supreme Court of Arizona,
In Banc.

June 29, 1976.

Noel J. R. Levy, Phoenix, for petitioner.

Greg L. Folger, Chief Counsel, Industrial Commission of Arizona, Phoenix, for respondent.

Twitty, Sievwright & Mills by John F. Mills, Phoenix, for respondent employer and carrier.

STRUCKMEYER, Vice Chief Justice.

This writ of certiorari is to review an award by the Industrial Commission of Arizona denying petitioner compensation for temporary partial disability. The Court of Appeals affirmed in a memorandum decision. We accepted review. Decision of the Court of Appeals vacated. Award of the Industral Commission affirmed.

Petitioner was employed by respondent employer, Capitol Foundry, as a production foreman. On March 13, 1972, he sustained a crushing injury to the pelvis in an industrial accident. Four months later, he returned to his duties as foreman, but became disabled from the same injury in March, 1973, underwent surgery, a lumbar sympathectomy, and did not return to work until seven and one-half months later.

On October 30, 1973, respondent employer wrote a letter to petitioner's physician indicating the availability of a timekeeping position for petitioner which involved light dutes of a clerical nature. The letter indicated these duties were performed by petitioner as part of his foreman job. Petitioner testified that as foreman he did not do such work. On November 7, 1973, peti-

tioner's physician released him to "his regular work" but "with the understanding that his regular job does not require any lifting or work that is strenuous." Petitioner returned to work, but in the capacity of a timekeeper at a salary of $750.00 per month. At the time of his injury he had been earning $1,198.01 per month.

On December 19, 1973, respondent employer issued a notice of claim status which stated: "Employee is not eligible for temp. partial disability because he has been returned to regular [sic] work." A formal hearing was held on petitioner's eligibility for temporary partial disability compensation of 65% of the difference between the statutory maximum of $1,000.00 and his salary of $750.00.

The hearing officer found petitioner's condition was not stationary, but that the reduction in wages was not a result of his injury and, therefore, he was not entitled to compensation. He found that petitioner was capable of resuming full-time activity as a foreman without wage loss, but that he was given the position of timekeeper because the employer justifiably concluded that petitioner was "accident prone and that it would not be in his best interests or that of the employer to return him to his former position." Petitioner challenges the sufficiency of evidence to support this award.

■ Awards of the Industrial Commission will be sustained if they are reasonably supported by the evidence and appellate courts will not weigh evidence but consider it in a light most favorable to sustaining the awards. *Bedwell v. Industrial Commission*, 104 Ariz. 443, 454 P.2d 985 (1969).

■ The evidence is conflicting, but petitioner testified that his only physical problem following surgery was an occasional swelling of his left foot and that this did not cause any physical impairment. He stated that there was "quite a bit" of physical activity involved in his work as foreman, but that he did not know of any reason why he could not physically return to those duties. The hearing officer asked petitioner:

"Q. Was it your intention to try to perform the regular job notwithstanding the doctor's letter which says a job which does not require heavy lifting or anything strenuous?

A. I would have tried it. * * *"

It cannot be said, as a matter of law, that there was no reasonable basis in the evidence upon which to reach the conclusion that petitioner could have returned to his position as a production foreman.

The evidence lends support to the finding that petitioner's demotion was not a penalty for filing an industrial claim, but was based on the employer's conclusion that he was accident prone. The personnel manager for respondent employer testified that petitioner was not returned to the production foreman job "because he had had so many accidents over the years. During the immediate past three years he was off the job more than he was on it and we just felt that if he went back into that situation he was liable to hurt himself seriously."

■ Petitioner argues, however, that the loss of wages attributed to his being accident prone is directly traceable to the injury of March 13, 1972, and that this is for the reason that there was no thought of transfer to a different job prior to the injury. We think this argument reverses cause and effect. The injury did not result in claimant being accident prone. Rather his repeated injuries were the outward manifestation of his characteristic of being accident prone. The cases of *Langbell v. Industrial Commission*, 111 Ariz. 328, 529 P.2d 227 (1974) and *Garrard v. Industrial Commission*, 6 Ariz.App. 373, 432 P.2d 921 (1967) involve different factual situations and are not controlling in the instant case.

The award is affirmed.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.