604 P.2d 255

**Ronald J. PEETZ, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**City of Tucson, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 14567–PR.**

Supreme Court of Arizona,
En Banc.

Nov. 29, 1979.

Miller, Pitt & Feldman, P. C., by Barry N. Akin, Tucson, for petitioner.

John H. Budd, Jr., former Chief Counsel, James L. Stevenson, Chief Counsel, Phoenix, for respondent The Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, State Compensation Fund by Peter C. Kilgard, Phoenix, for respondent employer and respondent carrier.

HAYS, Justice.

The petitioner, Ronald J. Peetz (hereinafter referred to as petitioner or claimant), was injured in an accidental shooting in the fall of 1977. Denied workmen's compensation benefits, he appealed. The Court of Appeals set aside the award of noncompensation (1 CA–IC 2083, filed August 28, 1979) and we granted the employer's petition for review pursuant to 17A A.R.S., Rules of Civil Appellate Procedure, rule 23. The opinion of the Court of Appeals is vacated.

The facts necessary for resolution of this matter are not in dispute. Petitioner, at all times relevant hereto, has been employed as a police officer by respondent employer, the City of Tucson (hereinafter referred to as respondent). The record indicates that respondent's departmental regulations require an off-duty or "at rest" policeman, although not technically on-shift, to respond with appropriate police action to any criminal activity coming to his attention. In this regard, an officer on "at-rest" duty is instructed to carry a concealed handgun which has been approved for safety by respondent's armory sergeant.

On the night of the accident, petitioner was "at rest" and was seated with his wife in their car. Petitioner carried with him the requisite firearm, although it had not been authorized for off-duty use. Apparently, petitioner's wife became curious and questioned him concerning the pistol's mechanisms. It was while demonstrating the gun's safety devices to his spouse that the firearm accidentally discharged, injuring petitioner's left hand and leg.

Upon these facts, we are called upon to determine but a single issue: whether or not petitioner's injury arose out of and occurred in the course of his employment?

In order to be compensable under our Workmen's Compensation Statute, an industrial claim must "[arise] out of and in the course of . . . employment." A.R.S. § 23–1021(A); *Royall v. Industrial Commission*, 106 Ariz. 346, 476 P.2d 156 (1970). In this regard, we have stated that these are separate tests and that both must be satisfied. *Royall, supra; Goodyear Aircraft Corp., Arizona Division v. Gilbert*, 65 Ariz. 379, 181 P.2d 624 (1947). Since we hold that the instant claim did not "arise out of" petitioner's employment, we find it unnecessary to decide whether the injury similarly occurred "in the course of" claimant's occupation.

Our analysis of the problem must thus focus upon the meaning to be given the term "arising out of employment." In our opinion, it is neither feasible nor necessary to determination of the case at bar to formulate a comprehensive definition of this often-litigated phrase which will precisely include all of the situations falling within its protection. Suffice it to say that the claimant must establish that the injury had its origin in his employment. *Goodyear Aircraft Corp. v. Industrial Commission*, 62 Ariz. 398, 158 P.2d 511 (1945). There must be a causal relationship between the employment activity and the injury. *State Compensation Fund v. Keefe*, 22 Ariz.App. 311, 526 P.2d 1266 (1974). In other words, it is not sufficient for the employee to demonstrate merely that the mishap occurred during a period of employment; instead,

the occupation must cause the injury. *Royall v. Industrial Commission, supra.*

■ It is well established in this state that injuries resulting from ventures personal to the claimant are not caused by employment and are thus excluded from coverage under the act. *Gaumer v. Industrial Commission,* 94 Ariz. 195, 382 P.2d 673 (1963); *Wyckoff v. Industrial Commission,* 14 Ariz.App. 288, 482 P.2d 897 (1971) (acts performed for the benefit of a third party are personal and not compensable). It is the considered opinion of this court that the accident in question, however unfortunate, was caused not by petitioner's employment, but rather by a venture personal to him and his family. The record before us establishes that appellant took it upon himself to demonstrate the firearm's safety mechanisms in response to inquiry by his spouse. No benefit inured by this action to petitioner's employer, respondent herein. The demonstration was engaged in with neither respondent's direction, permission nor knowledge. Such activity was executed entirely independent of the master/servant relationship and was not part of the duties which petitioner was employed to perform.

We find additional support for our conclusion in the prior decisions of our courts. In *Loveless v. Industrial Commission,* 6 Ariz.App. 345, 432 P.2d 600 (1967), claimant was employed as foreman, manager and watchman of respondent's ranch and was on duty 24 hours a day. As a result of previous shootings and acts of vandalism at the ranch house, claimant carried a handgun on his rounds with his employer's permission. The employee was injured when the firearm, which he had loaned to his son for inspection, accidentally discharged while being returned to him. The court there stated:

> [w]hat petitioner did in this regard could only be for personal reasons; i. e., his relationship to his son and his desire to grant his son's request. What the son did was because of his own personal interest and curiosity in guns. The relationship of the gun to petitioner and his employment was interrupted at this point. The gun was not returned to petitioner prior

to the accident. Thus the accident did not arise out of the employment of petitioner but out of a purely personal venture. Petitioner's employment did not set up this accident or the danger or create the risk that petitioner took in handing the gun to his son. *Id.* at 347, 432 P.2d at 602.

■■ We have stated that in order to establish the requisite causal relationship, the injury need merely result from some risk inherent in or incidental to the claimant's employment. *Goodyear Aircraft Corp. v. Industrial Commission, supra.* Petitioner would have us hold that the carrying of a firearm necessarily includes the risk of accidental discharge. The Industrial Commission declined this broad interpretation and we agree. In our opinion, it does not follow that being required to carry a gun, petitioner was similarly required, or even had the right, to use it for mere personal folly. Petitioner's employment did not create the risk that the employee would utilize the firearm for his own individual purposes.

In so holding, we feel it important to stress that it is not the negligence of petitioner which governs our decision. Concepts of negligence have been held immaterial in the field of workmen's compensation. *Ortega v. Ed Horrell & Son,* 89 Ariz. 370, 362 P.2d 744 (1961). We hold solely that the activities resulting in injury were private in nature and that such behavior falls without the protection of the statute.

The rule above-stated is not only sustained by the authorities, but is in accord with common sense. Petitioner argues, in essence, that being required to carry the handgun while off duty, virtually any injury resulting from accidental discharge must be compensable within the meaning of the statute. Extending this reasoning to its logical conclusion, an accidental shooting occurring during the course of a hunting trip would fall within the ambit of the act. We do not believe this to be the intent of the legislature.

The opinion of the Court of Appeals is vacated and the award of The Industrial Commission is affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concurring.