713 P.2d 303

**HUNT BUILDING CORPORATION, Petitioner Employer,**

**State Compensation Fund, Petitioner Carrier,**

v.

**INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Jesus Villaescusa, Respondent Employee,**

**R.L. McGuckin dba R.L. McGuckin & Company, Respondent Employer,**

**Jesse's Concrete, Inc., Respondent Employer.**

**No. 18294–PR.**

Supreme Court of Arizona, In Banc.

Jan. 15, 1986.

Reconsideration Denied Feb. 25, 1986.

Robert K. Park, Chief Counsel, State Compensation Fund by James Crane, Phoenix, for petitioners.

Dennis P. Kavanaugh, Chief Counsel, The Indus. Com'n, Phoenix, for respondent.

Tretschok, McNamara & Clymer by Patrick R. McNamara, Tucson, for respondents Villaescusa and Jesse's Concrete.

CAMERON, Justice.

This is a petition for review of an opinion and decision of the court of appeals setting aside an award made to Jesus Villaescusa (claimant) by the Industrial Commission of Arizona. *Hunt Building Corporation v. Industrial Commission,* 148 Ariz. 96, 713 P.2d 297 (Ariz.App.1985). We have jurisdiction pursuant to art. 6, § 5(3) of the Arizona Constitution, A.R.S. § 12–120.24 and Rule 23, Ariz.R.Civ.App.Proc., 17A A.R.S.

The issues presented on review are:

1. Is the "right to control" test to determine when someone is an employee the same under both A.R.S. § 23–902(B) and (C)?

2. Did the court of appeals err in finding that there was insufficient evidence in the record to support the commission's finding that claimant was a statutory employee within A.R.S. § 23–902(B)?

The facts follow. On 8 October 1981, Hunt Building Corporation (Hunt) entered into a contract with the Quechan Housing Authority, of the Quechan Indian tribe in California, to construct 94 housing units on the Fort Yuma Indian Reservation. Construction of Indian housing is a considerable amount of Hunt's business, in fact, the corporation has an entire division on Indian housing. The contract with the Quechan Housing Authority provided that Hunt "shall supervise the work, and have a competent superintendent on the work at all times", and further provided that Hunt "shall be fully responsible for the acts and omissions of persons directly employed by him."

In accordance with its usual practice, Hunt subcontracted virtually all the actual work on the contract. Among these subcontracts was one to R.L. McGuckin for

earthwork and paving, plus one to Frontier Concrete for curb and gutter work. Under these contracts, the subcontractors, McGuckin and Frontier, were to provide workers' compensation insurance.

When it appeared that Frontier Concrete would not be able to meet the project's construction schedule, Hunt's general superintendent on the job sought a substitute subcontractor. McGuckin suggested the claimant and contacted him on Hunt's behalf. Claimant, who had worked on an Indian housing project with Hunt once before as president of Jesse's Concrete Inc., met with McGuckin and Hunt's superintendent, Bob Landoll, and agreed to perform the curb and gutter work for a specified amount per lineal foot. Frontier Concrete was then released from its contract. However, the Quechan Housing Authority required approval of all subcontractors and Hunt did not want to delay the work for the amount of time necessary to get such approval. Therefore, at Hunt's suggestion no written subcontract was entered into with claimant. Instead, to circumvent the approval requirement, the curb and gutter work was added to McGuckin's contract.

Claimant, whose company Jesse's Concrete Inc. was in a state of limbo, negotiated the agreement with Hunt and McGuckin on his own personal behalf. He inspected the work and discussed the plans with Hunt's superintendent. Claimant supplied his own curbing machine and brought several men with him to begin the project, which was expected to take less than two weeks.

As claimant was about to begin work, he was told by Hunt's superintendent that he had the wrong "shoe" on his curbing machine. This mistake was corrected before work began. Later that same day and before any curbing was actually installed, claimant's leg became caught in an auger of his curbing machine and was severely injured. The leg was eventually amputated above the knee.

A claim for workers' compensation benefits was filed by the claimant alleging Hunt and McGuckin as his employers. This claim was denied by the State Compensation Fund and a hearing thereon was requested by claimant.

A second claim was filed alleging the McGuckin Co. as his employer. The State Compensation Fund also denied this claim. Subsequently, the commission entered a finding that McGuckin had no workers' compensation insurance and that the claim was non-compensable. This finding was protested.

Claimant filed a third claim alleging Jesse's Concrete, Inc. as his employer. This claim was also denied and the claimant requested a hearing.

A consolidated hearing on the three claims was held to decide the issue of whether claimant was an independent contractor or an employee of either Hunt, McGuckin or Jesse's Concrete, Inc. at the time of the injury. The Administrative Law Judge found that the claimant was a statutory employee of Hunt under A.R.S. § 23–902(B) but not of McGuckin or Jesse's Concrete, Inc. The claimant was thereby awarded benefits from Hunt and the State Compensation Fund. This decision was affirmed on administrative review.

The court of appeals, applying the same "right to control" test as the Administrative Law Judge did, set aside the award. The court stated that based on the factual findings of the Administrative Law Judge and the undisputed facts in the record, the claimant was clearly an independent contractor and the Administrative Law Judge had erred in concluding he was a statutory employee of Hunt. Claimant then petitioned this court for review which was granted.

## DOES THE RIGHT TO CONTROL TEST APPLY?

A.R.S. § 23–902 defines "Employers Subject" to the Workers' Compensation Act. Subsection A defines the statutory employer, that is the employer subject to the provision of the act. Subsection C defines the independent contractor whose employees

are not employees of the original employer. Subsection C reads:

C. A person engaged in work for another, and who while so engaged is independent of the employer in the execution of the work and not subject to the rule or control of the person for whom the work is done, but is engaged only in the performance of a definite job or piece of work, and is subordinate to the employer only in effecting a result in accordance with the employer's design, is an independent contractor, and an employer within the meaning of this section.

Subsection B is an in-between classification, defining those who, though they may appear to be independent contractors, are by statute employees of the original employer. It reads:

B. When an employer procures work to be done for him by a contractor over whose work he retains supervision or control, and such work is a part or process in the trade or business of the employer, then such contractors and the persons employed by him, and his subcontractor and persons employed by the sub-contractor, are, within the meaning of this section, employees of the original employer.

A.R.S. § 23–902. Under Subsection B, an employer can be required to pay workers' compensation benefits to remote employees, in other words, the employees of another, if he is deemed their "statutory employer". *Young v. Environmental Air Products*, 136 Ariz. 158, 160 n. 1, 665 P.2d 40, 42 n. 1 (1983). The statutory employer law allows conceded non-employees workers' compensation coverage if the conditions of A.R.S. § 23–902(B) are met. *Young v. Environmental Air Products*, 136 Ariz. at 161, 665 P.2d at 43. Those conditions are: (1) the employer procuring work to be done for him by a contractor must retain supervision or control of the work and (2) the work is a part or process in the trade or business of the employer. *Id.;* A.R.S. § 23–902(B).

In determining whether the first condition of supervision or control was met, both the Administrative Law Judge and the court of appeals applied the traditional "right to control" test. *Hunt Building Corporation v. Industrial Commission,* 713 P.2d at 299–300. This test is generally used under A.R.S. § 23–902(C) to distinguish between employee and independent contractor. The test provides that the right to control or supervise the methods of obtaining a specific result is determinative of whether someone is an employee or independent contractor. *Home Insurance Co. v. Industrial Commission,* 123 Ariz. 348, 350, 599 P.2d 801, 803 (1979). In analyzing whether such a right to control exists, courts look to the totality of the facts of each case, in light of several indicia of control. *Id.* These indicia, none of which by itself is conclusive, include:

the duration of the employment; the method of payment; who furnishes necessary equipment; the right to hire and fire; who bears responsibility for workmens' compensation insurance; the extent to which the employer may exercise control over the details of the work, and whether the work was performed in the usual and regular course of the employer's business.

*Id.* (citations omitted).

The question we must decide is whether the "right to control" test applies to Subsection B as it does to Subsection C. Claimant contends, and the dissent in the court of appeals agreed, that when the legislature amended A.R.S. § 23–902 in 1945 and divided it into sections (A), (B) and (C), it intended in Subsection B cases for a lesser standard of control—that of supervising or controlling the end result of the work. *Hunt Building Corporation v. Industrial Commission supra,* 713 P.2d at 302. This court, however, has continued to apply the traditional right to control test, even after the revision of A.R.S. § 23–902. *See Blasdell v. Industrial Commission,* 65 Ariz. 373, 181 P.2d 620 (1947). In construing Subsection B, Arizona caselaw has applied the right to control test and required sufficient control over the method of reaching a desired result as

opposed to merely controlling the end result of the work. *See* e.g. *El Dorado Insurance Co. v. Industrial Commission*, 25 Ariz.App. 617, 619, 545 P.2d 465, 467 (1976); *Home Insurance Co. v. Industrial Commission*, 123 Ariz. at 350, 599 P.2d at 803. We note also that A.R.S. § 23–902 was amended in 1973 without any substantial change in substance. Laws 1973, Ch. 136 § 2. "It is universally the rule that where a statute which has been construed by a court of last resort is reenacted in the same or substantially the same terms, the legislature is presumed to have placed its approval on the judicial interpretation given ...". *Madrigal v. Industrial Commission*, 69 Ariz. 138, 144, 210 P.2d 967, 971 (1949) (citations omitted).

Finally, the Utah cases relied on by the claimant are not persuasive. In *Rustler Lodge v. Industrial Commission*, 562 P.2d 227 (Utah 1977), the same right to control test, that the claimant now wishes us to abandon, was applied by the Utah court. More damaging to the claimant's argument, however, is that in *Pinter Construction Co. v. Frisby*, 678 P.2d 305 (Utah 1984), the Utah Supreme Court cites with approval Arizona caselaw on the definition of statutory employee.

■ We find no compelling reason to abandon this long-standing doctrine of right to control in favor of a lesser test. We find, therefore, that the correct test to apply under both A.R.S. §§ 23–902(B) and 23–902(C) is whether or not there exists the right to control or supervise the method of reaching a specific result. *Home Insurance Co. v. Industrial Commission, supra.*

### CLAIMANT'S EMPLOYMENT STATUS

The Administrative Law Judge applied the right to control test and entered findings as to each of the indicia listed in *Home Insurance Co. v. Industrial Commission, supra.* He concluded that claimant was a statutory employee of Hunt. The court of appeals set aside the award saying that the claimant was clearly an independent contractor. We do not agree.

This court and the court of appeals must consider all evidence in the light most favorable to sustaining the Commission's award. *Home Insurance Co. v. Industrial Commission*, 123 Ariz. at 349, 599 P.2d at 802. We have stated that "[a]wards of the Industrial Commission will be sustained if they are reasonably supported by the evidence and appellate courts will not weight evidence but consider it in a light most favorable to sustaining the awards." *Olszewski v. Industrial Commission*, 113 Ariz. 282, 283, 551 P.2d 551, 552 (1976) (citation omitted). Further, the court of appeals has stated:

> It is well established that in workmen's compensation proceedings the Industrial Commission sits as the trier of fact. *Malinski v. Industrial Commission*, 103 Ariz. 213, 439 P.2d 485 (1968); *DuHamell v. Industrial Commission*, 20 Ariz. App. 63, 510 P.2d 62 (1973). As the trier of fact, it is for the Commission to draw inferences from the evidence, and where several inferences may be drawn, the drawing of the inference is exclusively the province of the Commission. *See Harrington v. Industrial Commission*, 84 Ariz. 356, 328 P.2d 311 (1958). ... and the conclusions drawn will not be set aside unless there is no reasonable basis for the determination.

*Brooks v. Industrial Commission*, 136 Ariz. 146, 149, 664 P.2d 690, 693 (App.1983) (citation omitted).

■ The Administrative Law Judge in applying the right to control test found in some areas that the evidence suggested, sometimes strongly, that the claimant was an independent contractor. In doing so, he considered the various indicia of control listed in *Home Insurance Co. v. Industrial Commission, supra.* The Administrative Law Judge also found evidence to the contrary:

9. Concerning the method of payment of the applicant, the evidence is considerably complicated by the unfortunate occurence of the accident on the applicant's first day of work and the

byzantine payments made after this accident in order to keep the curbing work in progress. However, the credible testimony of the applicant and Robert Landoll, the job general superintendent for Hunt Building Corporation establishes that the recission of the Hunt-Frontier Concrete curbing subcontract and the placing of the curbing work in R.L. McGuckin's direct responsibility also placed the applicant and the other curbers on R.L. McGuckin's payroll as of the time of injury. Mr. McGuckin's testimony to the contrary is not credible. This method of payment suggests the applicant was not an independent contractor vis-a-vis R.L. McGuckin. This employer-employee relationship between the applicant and R.L. McGuckin was at the instigation of Hunt Building Corporation.

\* \* \* \* \* \*

11. The evidence regarding "right to fire" is neither clear nor strongly suggestive of any resolution in this case. However, the credible evidence does establish that there was no sub-contract between the applicant and R.L. McGuckin, as there had been with Frontier Concrete and Hunt Building Corporation. It appears that Mr. Landoll, Hunt Building Corporation's job superintendent, actually hired the applicant at Mr. McGuckin's recommendation and instructed the applicant be placed on R.L. McGuckin's payroll. Hunt Building Corporation appears to have exercised the right to hire the applicant in this case, not R.L. McGuckin.

12. Workmen's compensation insurance was clearly the contractual responsibility of both Hunt Building Corporation and R.L. McGuckin. The credit ultimately taken by McGuckin against the applicant, without protest, for such insurance is not probative in the face of such contractual obligations and the lack of any

such contractual obligation between R.L. McGuckin and the applicant. Cf. *Greenway Baptist Church v. Industrial Commission*, 130 Ariz. 482 (App.) 636 P.2d 1264 (1981). This factor strongly suggests that the applicant was not an independent contractor vis-a-vis either or both these defendants.

\* \* \* \* \* \*

15. After carefully evaluating the totality of the employment circumstances, and giving no one index of control any conclusive weight, the undersigned concludes that Hunt Building Corporation retained sufficient supervision and control, by contractual obligation and in fact, to require that the applicant be considered a statutory employee of this defendant pursuant to A.R.S. § 23–902(B).

We believe the most persuasive of these findings is the requirement that Hunt was contractually obligated to provide workers' compensation.

Viewing the facts in a light most favorable to upholding the award, we affirm the decision of the Administrative Law Judge. The opinion of the court of appeals is hereby vacated. Award affirmed.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS, J., concur.

FELDMAN, Justice, concurring.

I concur in the result but not the discussion entitled "Does the Right to Control Test Apply?" (Maj. op. p. 305).