51 F.3d 282
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James PERRUSSEL and Deborah Perrussel, Plaintiffs-Appellants,
v.
STAINLESS CONSTRUCTION COMPANY dba SG Communications, Inc.,
Defendant-Appellees.
 No. 93-16409.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 16, 1995.*
Decided March 22, 1995.
 
 1
 Before: SNEED, O'SCANNLAIN, Circuit Judges, and MERHIGE, Senior District Judge.**
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellants appeal the District Court's summary judgment in favor of Stainless Construction Company. This Court has jurisdiction under 29 U.S.C. Sec. 1291.
 
 I.
 
 4
 Appellant James Perrussel was injured when he fell while welding supports onto the legs of a tower in Golden, Colorado. Perrussel's direct employer was G & G Construction Co. ("G & G"), a welding contractor. Perrussel was paid by G & G, and G & G, through its insurer, bore the responsibility for Perrussel's workers' compensation coverage.
 
 
 5
 Perrussel filed a personal injury action against Appellee Stainless Construction Company, a corporation in the business of erecting and maintaining towers. Appellee, as general contractor, had contracted with G & G to supply welders to the job site, apparently to supplement Appellee's own work force. Pursuant to this agreement, G & G sent Appellant Perrussel and Stuart Goettsch, owner of G & G, to the site. Perrussel and Goettsch, bringing some of their own equipment, arrived at the site on June 20, 1990, and commenced work. Within several days, welders employed by Appellee and Robert Murray, Appellee's job foreman, arrived at the job site. The accident occurred on June 25, 1990.
 
 
 6
 Appellee filed a motion for summary judgment on March 5, 1993, alleging tort immunity through either the statutory employer doctrine or the lent employee doctrine. The district court granted Appellee's motion. Appellants noted a timely appeal on July 20, 1993.
 
 II.
 A. Standard of Review
 
 7
 We review summary judgment de novo. United States v. State of Cal., 932 F.2d 1346, 1347 (9th Cir.1991), aff'd, 113 S.Ct. 1784 (1993). Summary judgment is appropriate where parties do not dispute material facts that might affect the outcome of an action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Under Rule 56, the movant bears the burden of offering proof of the absence of any genuine issues of material fact, and the Court must view the facts and the inferences drawn therefrom in the light most favorable to the non-moving party. Id. at 248, 256; see Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
 
 B. Control
 
 8
 In granting summary judgment, the district court specifically found that Perrussel was under the supervision and control of Appellee and, therefore, as a matter of law, Appellee was a statutory employer or Perrussel was a lent employee.
 
 
 9
 The statutory employer doctrine is set forth in section 23-902 of the Arizona Revised Statutes. The required elements of a statutory employment relationship are (1) procurement of work by the employer against whom the action is brought; (2) retention of supervision and control over the work which the employer procures to be done; and (3) the work "entrusted to the subcontractor must be a 'part or process in the trade or business' of the employer." Young v. Environmental Air Products, Inc., 665 P.2d 40, 46 (Ariz.1983); Growers Co. v. Indus. Comm'n, 842 P.2d 1322, 1326 (Ariz.App.1993). The elements of the lent employee doctrine, whereby the lent employee becomes the employee of the "special employer," are strikingly similar.
 
 
 10
 When a general employer lends an employee to a special employer, the special employer becomes liable for workmen's compensation only if:
 
 
 11
 (a) the employee has made a contract of hire, express or implied, with the special employer;
 
 
 12
 (b) the work being done is essentially that of the special employer;
 
 
 13
 (c) the special employer has the right to control the details of the work.
 
 
 14
 Word, 662 P.2d at 1027.
 
 
 15
 It is not necessary to pigeon-hole the instant matter into one of these two doctrines because the principal issue before the Panel, the right to control and supervise Appellant James Perrussel, is a required element under both doctrines. Thus, if such control exists, Appellee is immune from suit under either doctrine. Young., 665 P.2d at 43 (statutory employer); Word, 662 P.2d at 1027 (lent employee).[1]
 
 
 16
 A court, however, must be mindful when an employer is asserting the existence of control in order to deflect the assertion of a worker's common law rights. In such cases, the right to control test must be "strictly interpreted." See Young, 665 P.2d at 45.
 
 
 17
 In analyzing whether such a right to control exists, courts look to the totality of the facts of each case, in light of several indicia of control. These indicia, none of which by itself is conclusive, include: the duration of the employment; the method of payment; who furnishes necessary equipment; the right to hire and fire; who bears responsibility for workmen's compensation insurance; the extent to which the employer may exercise control over the details of the work, and whether the work was performed in the usual and regular course of the employer's business.
 
 
 18
 Hunt Bldg. Corp. v. Indus. Comm'n, 713 P.2d 303, 306 (Ariz.1986) (citations omitted) (statutory employer case); Avila v. Northrup King Co., 880 P.2d 717 (Ariz.App.1994) (citations omitted) (lent employee case). The relevant right to control is that over the methods employed in reaching a result, not merely the result itself. Hunt, 713 P.2d at 306-07; Home Ins. Co. v. Indus. Comm'n, 599 P.2d 801, 803 (Ariz.1979). Moreover, the employer's control need not be exclusive, as the focus is on who possesses the primary right to control the worker. Avila, 880 P.2d at 722 (citations omitted).
 
 
 19
 The right to control indicia are split in the instant matter. Given this split, the Court focuses on the only contested element of the Hunt test--the extent of Appellee's "control over the details" of Perrussel's work. The affidavits of Goettsch (Perrussel's direct employer) and Douglas Gratzer (Appellee's president) state explicitly that both Goettsch and Perrussel were informed that they would be supervised and controlled by Appellee's foreman, Robert Murray, and that Murray did, in fact, supervise the work of both G & G workers and Appellee's workers. E.R. at 27, 29. The record also suggests that, given the nature of the project, Murray's direction as to "where" and "when" to weld is certainly more detailed than general.
 
 
 20
 Appellants, on the other hand, point to the fact that they commenced work on the project prior to any of Appellee's personnel being on site. They also rely significantly on the April, 1993, affidavit of James Perrussel. In furthering their argument, however, Appellants basically ignore Perrussel's contradictory recollection of Murray's role at an August, 1992, deposition, during which Perrussel testified that Murray "told the guys from G & G what to do." E.R. at 31-32. In addition, the following exchange occurred:
 
 
 21
 Q. But on this job where you were hurt in Colorado, [Murray] was the foreman?
 
 
 22
 A. Yes. He was the man in charge.
 
 
 23
 Q. And he is the one that told you what to do and where to do it and when to do it?
 
 
 24
 A. Yes, sir.
 
 
 25
 Id. at 33.
 
 
 26
 It is well settled that a party may not eviscerate the procedural utility of summary judgment with affidavits that contradict former deposition testimony where the contradiction is a "sham." United States v. Koenig, 952 F.2d 267 (9th Cir.1991) (citing Radobanko v. Automated Equipment Corp., 520 F.2d 540, 543-44 (9th Cir.1975)). In such situations, the issues of fact are not "genuine" and may not be used to preclude summary judgment. Radobanko, 520 F.2d at 544. Appellants have attempted to craft disputed facts through Perrussel's affidavit. Upon being deposed, Perrussel plainly testified that Murray was his supervisor and controlled his work. Six-months later, however, Perrussel claimed in his affidavit that he had "no memory of being given any orders or supervised directly by Robert Murray while working on the job in Golden, Colorado." E.R. at 55. On this basis, the Court concludes that the factual contradiction created by the affidavit is a "sham" and that no issue of material fact exists as to control and supervision over the details of Perrussel's work.
 
 IV.
 
 27
 The Court concludes that Appellee is immune from suit because it possessed the right to control Appellant Perrussel and, thus, either the statutory employer doctrine or the lent employee doctrine applies. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument per Fed.R.App. 34(a) and 9th Cir.R. 34-4
 
 
 **
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 ***
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellants also argue under the lent employee doctrine that Perrussel never consented to an employment relationship with Appellee. This argument is meritless. The consent required may be implied from a worker's acceptance of the general employer's control and supervision over the job being performed. Word, 662 P.2d at 1026 n. 4; Avila, 880 P.2d at 722 (citing Lindsay v. Bucyrus-Erie, 778 P.2d 1353, 1355 (Ariz.App.1989)). "When the employee arrives at the work site and the employer directs and controls his work, the legal relationship is established as a matter of law." Lindsay, 788 P.2d at 1355
 As set forth below, Appellee, through Murray, controlled and supervised Perrussel's performance. The evidence does not even remotely suggest that Perrussel rejected, or even protested, Murray's supervision and control. Thus, Perrussel impliedly consented to the employment relationship, and Perrussel's blanket statement that he never consented to any relationship with Appellee is insufficient to create a triable issue of fact.