58 P.3d 970

**Abraham JARAMILLO, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Perkins Family Restaurant, Respondent Employer,**

**Fremont Industrial Indemnity, Respondent Carrier.**

**No. 1 CA–IC 02–0021.**

Court of Appeals of Arizona, Division 1, Department B.

Dec. 12, 2002.

Abraham Jaramillo, Bullhead City, In propria persona, Petitioner.

Laura McGrory, Chief Counsel, The Industrial Commission of Arizona, Phoenix, Attorney for Respondent.

Jones, Skelton & Hochuli, by K. Casey Kurth, Phoenix, Attorneys for Respondents Employer and Carrier.

## OPINION

WINTHROP, Judge.

¶ 1 This is a Rule 10 special action review of an Industrial Commission of Arizona ("ICA") Award and Decision Upon Review closing Petitioner Abraham Jaramillo's ("Claimant's") claim without a permanent impairment. We must decide whether the administrative law judge ("ALJ") erred by dismissing Claimant's Request for Hearing as untimely and, consequently, closing Claimant's claim. Because we find that Respondent Fremont Industrial Indemnity ("the Carrier") failed to comply with the statutory notice provision, we set aside the Award and Decision Upon Review.

## BACKGROUND

¶ 2 On April 13, 2000, Claimant injured his lower back and groin while working at Perkins Family Restaurant, and he filed a claim for benefits that was accepted by a Notice of Claim Status on May 18, 2000. On October 19, 2000, the Carrier mailed to Claimant a Notice of Claim Status, which terminated his benefits without permanent impairment as of that date. However, Claimant did not receive the notice at that time because the

Carrier erroneously sent it to Claimant's former address.[1] Claimant became aware that his case was closed later in October 2000, when his physician's office indicated that prescription coverage was being denied.[2] The Carrier was contacted, and Claimant eventually received a copy of the notice, which he gave to his "authorized representative" in late December 2000. On January 19, 2001, the "authorized representative" contacted the ICA's Hearing Division about the notice and, on January 28, 2001, Claimant faxed a Request for Hearing to the ICA to protest the closure of his claim. The Carrier asserted as an affirmative defense that Claimant had not filed his Request for Hearing within the ninety-day statutory period to request a hearing.

¶ 3 After a November 14, 2001 hearing limited to the timeliness issue, the ALJ issued his decision dismissing Claimant's Request for Hearing because it was not timely filed and closing Claimant's claim without permanent impairment. In pertinent part, the ALJ found the following:

Notwithstanding that the October 19, 2000, notice was initially sent to an incorrect address, the evidence establishes that it had been remailed and received by the applicant within the 90-day protest period. Furthermore, the evidence establishes that applicant was aware of the closure of his case when he saw Dr. Venger in October of 2000, when he tried to fill a prescription and it was denied because the claim was closed. Therefore, pursuant to the provisions of A.R.S. § 23-947(C), *supra*, applicant's late Request for Hearing cannot be excused, and therefore, it must be dismissed as untimely and the October 19, 2000, Notice of Claim Status deemed final.

¶ 4 The ALJ later affirmed the Award, and Claimant filed this petition for special action. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A)(2) (1992) and 23–951(A) (1995), as well as Rule 10 of the Arizona Rules of Procedure for Special Actions.

---

1. Uncontroverted evidence at the subsequent hearing demonstrated that Claimant had properly notified the Carrier of his change of address in July 2000 and, in fact, had received correspondence and benefit payments from the Carrier at the new address well before October 19, 2000.

2. A copy of the Notice of Claim Status terminating benefits had also been sent to the attending physician, Dr. Venger.

## DISCUSSION

¶ 5 On review, Petitioner asserts that the ALJ erred by dismissing his Request for Hearing. Because the Carrier failed to comply with the statutory notice provision, we agree with Petitioner.

¶ 6 The ALJ is the trier of fact; we view factual determinations in the light most favorable to affirming the award. *Anton v. Indus. Comm'n*, 141 Ariz. 566, 569, 688 P.2d 192, 195 (App.1984). We will not weigh the evidence and will sustain the award if it is reasonably supported by the evidence. *Cent. Mgmt. Co. v. Indus. Comm'n*, 162 Ariz. 187, 189, 781 P.2d 1374, 1376 (App.1989) (quoting *Hunt Bldg. Corp. v. Indus. Comm'n*, 148 Ariz. 102, 106, 713 P.2d 303, 307 (1986)). However, while we deferentially review reasonably supported factual findings, we independently review legal conclusions. *E.g., PFS v. Indus. Comm'n*, 191 Ariz. 274, 277, 955 P.2d 30, 33 (App.1997). In doing so, we are guided by the remedial purposes of the workers' compensation laws, which are "designed to provide compensation for those persons injured in business or industry . . ., and [we are aware that] our constructions of them should be liberal in order to effectuate that purpose." *Anton*, 141 Ariz. at 569, 688 P.2d at 195.

¶ 7 Arizona Revised Statutes § 23–947(A) (1995 & Supp.2002)[3] provides, in pertinent part, that "[a] hearing on any question relating to a claim shall not be granted unless . . . the request for a hearing is filed within ninety days after the notice sent under § 23–1061, subsection F." Arizona Revised Statutes § 23–1061(F) (1995 & Supp.2002)[4] states that "[e]ach insurance carrier . . . shall promptly report to the commission and to the employee by mail at his last known address any denial of a claim, any change in the amount of compensation and the termination thereof."

¶ 8 In interpreting a statute, our duty is to give it a fair and reasonable interpretation that comports with both its plain language and the legislative intent. A.R.S. § 1–213 (2002); *City of Phoenix v. Superior Court*, 139 Ariz. 175, 178, 677 P.2d 1283, 1286 (1984) (stating that "[t]he cardinal rule of statutory construction is to ascertain the meaning of the statute and intent of the legislature").

¶ 9 Here, the plain meaning of § 23–1061(F) is clear. An insurance carrier has a statutory obligation to mail any Notice of Claim Status to a claimant's last known address. Because the Carrier here did not mail the Notice of Claim Status to Claimant's "last known address" on October 19, 2000, the notice was not "sent under § 23–1061, subsection F" at that time. As a result, the ninety-day statutory period to request a hearing under § 23–947(A) did not begin to run on October 19, 2000. Instead, it began to run some time in December 2000, when the Carrier complied with the statute by re-mailing the notice to Claimant's last known and correct address. Thus, the record supports a finding that Claimant timely filed his Request for Hearing on January 28, 2001. We therefore conclude that the ALJ erred by dismissing Claimant's Request for Hearing as untimely and, consequently, closing Claimant's claim.

## CONCLUSION

¶ 10 For the aforementioned reasons, we set aside the Award and Decision Upon Review.

CONCURRING: PHILIP HALL, Presiding Judge and JOHN C. GEMMILL, Judge.

---

**3.** The legislature revised A.R.S. § 23–947 in 2001. *See* 2001 Ariz. Sess. Laws, ch. 201, § 2. However, these changes are not relevant to our determination of this matter.

**4.** The legislature also revised A.R.S. § 23–1061 in 2001. *See* 2001 Ariz. Sess. Laws, ch. 201, § 5. Again, these changes are not relevant to our determination of this matter.