NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

———————————————

IVY FRANKEL, *Petitioner Employee*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent*,

JPMORGAN CHASE AND COMPANY, *Respondent Employer*,

NEW HAMPSHIRE INSURANCE COMPANY, *Respondent Carrier*.

No. 1 CA-IC 18-0058
FILED 6-4-2019

———————————————

Special Action – Industrial Commission
ICA Claim No. 20152-090092
Carrier Claim No. 186921912-001
Rachel C. Morgan, Administrative Law Judge

**AWARD AFFIRMED**

———————————————

COUNSEL

Ivy Frankel, Maricopa
*Petitioner/Employee*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent*

Jardine Baker Hickman & Houston, P.L.L.C., Phoenix
By Charles G. Rehling, II
*Counsel for Respondent Employer and Respondent Carrier*

---

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Diane M. Johnsen joined.

---

**W I N T H R O P**, Judge:

**¶1** Claimant Ivy Frankel appeals from an Industrial Commission determination that she requires no further medical care and has no permanent impairment as a result of an industrial injury she sustained in 2015. We affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2** In 2012, Claimant was injured in a serious car accident. She received extensive medical treatment and took various painkillers after the car accident. Physical examinations and medical imaging documented a bulging disc, an annular tear (separation of the fibrous tissue encasing the disc), and nerve damage, all of which caused persistent back and leg pain. Claimant later argued that a surgical procedure in 2014 completely relieved her symptoms; however, the medical records document chronic use of pain medication even following that surgery. Claimant also had pre-existing temporomandibular joint disorder ("TMJ") and reported chronic headaches.

**¶3** In January 2015, while employed by JP Morgan Chase ("Respondent Employer"), Claimant fell in the cafeteria at work when she slipped on some clear liquid on the ceramic tile floor (the "industrial accident"). Claimant testified that as a result of the fall, she injured the left side of her face, her right arm and leg, her back, her neck, and the right side of her torso. Claimant received immediate treatment from an on-site medical provider and saw her pain management physician, Dr. Patel, three days later. Claimant filed for and received medical benefits and temporary

2

disability payments provided by the employer's workers' compensation insurer, New Hampshire Insurance Company ("Respondent Carrier").

¶4 Thereafter, Claimant continued to complain of persistent pain in her back, legs, arms, and neck, as well as dental and jaw pain. She was evaluated or treated by numerous medical providers, including the following medical doctors and surgeons: Drs. Patel, McLean, Beghin, Bedi, Ramachandran, Guidera, Kahn, and Borowsky. In addition, she was evaluated or treated by dentists, orthodontists, and oral surgeons: Drs. Nigam, Frost, Day, and Hood. And evaluated by a psychologist, Dr. Olin.

¶5 As noted, Claimant's medical history prior to the industrial accident in 2015 reflects she was diagnosed with TMJ in 2003 and bruxism (teeth-grinding) in 2011. Nevertheless, Claimant asserted that her chronic headaches and continuing problems with her teeth and jaw were caused by the industrial accident.

¶6 Dr. Bedi performed surgery on Claimant's back in December 2015. Although Dr. Bedi testified that the industrial accident "may have exacerbated something that was already there," he concluded that her spinal condition was "likely due to a degenerative process, and there was no evidence that there was any acute injury that would cause her" symptoms. Claimant's pain persisted after the operation, and she continued to complain of the same severe pain in subsequent examinations. She underwent another surgery in 2017 to address carpal tunnel syndrome in her right arm.

¶7 The Respondent Carrier issued a notice of claim status in August of 2015 that Claimant's condition was medically stationary with no permanent impairment attributable to the industrial accident. Claimant protested that notice and requested a hearing based on her past surgeries, persistent complaints of pain, her belief that she continues to need extensive treatment and substantial prescriptions of pain medication, and her belief that she has sustained permanent impairment as a result of the industrial accident. Fourteen hearings were held between March 2017 and February 2018, during which Claimant and various medical providers presented testimony and evidence. The administrative law judge ("ALJ") rendered her decision in April 2018, affirming the closure of Claimant's case, and affirmed that decision after considering Claimant's Request for Review. Claimant now seeks special action review. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") § 23-948.

## ANALYSIS

I.      *Sufficiency of Claimant's Brief*

**¶8**      Respondents ask us to find that Claimant's briefs are factually and substantively deficient and that she has, as a matter of law, waived all arguments on appeal.  ARCAP 13(a) requires petitioners on appeal to submit briefs with citations to the record, with developed arguments, and that provide references to the legal authority forming the basis of those arguments.  *See also AMERCO v. Shoen*, 184 Ariz. 150, 154 n.4 (App. 1995) (stating failure to develop arguments or present supporting authority on appeal waives the issue).  Here, Claimant's briefs do not cite to the record nor to any legal authority.  Furthermore, Claimant's briefs lack properly developed arguments.

**¶9**      Notwithstanding Claimant's non-compliance with ARCAP 13(a), we exercise our discretion to consider her appeal on the merits.  *See, e.g.*, *Hill v. City of Phoenix*, 193 Ariz. 570, 574, ¶ 18 (1999).

II.      *Whether the ALJ's Findings Are Properly Supported by the Evidence*

**¶10**      Claimant primarily argues that the ALJ's decision is erroneous and is not supported by the record.  On appeal from the Industrial Commission "we defer to the ALJ's determination of disputed facts but review questions of law *de novo*."  *Tapia v. Indus. Comm'n*, 245 Ariz. 258, 260, ¶ 5 (App. 2018); *see also Phelps v. Indus. Comm'n*, 155 Ariz. 501, 506 (1987) (stating we will not overturn the ALJ's findings and conclusions unless they cannot be supported on any reasonable theory of the evidence). It is the realm of the ALJ to assess the evidence and testimony.  *Jaramillo v. Indus. Comm'n*, 203 Ariz. 594, 596, ¶ 6 (App. 2002) ("[W]e view factual determinations in the light most favorable to affirming the award . . . [and do] not [re]weigh the evidence . . . .") (citations omitted).  This includes the veracity of testimony given or evidence presented by medical experts. *Walters v. Indus. Comm'n*, 134 Ariz. 597, 599 (App. 1982).  It is Claimant's burden to establish before the ALJ that her medical condition is causally related to the industrial accident, and that the condition is either not medically stationary, or is stationary but resulted in permanent impairment. *Spears v. Indus. Comm'n*, 20 Ariz. App. 406, 406 (1973) (citation omitted).

**¶11**      In her decision, the ALJ noted Claimant suffered a severe back injury in her car accident in 2012, after which she experienced neck, back,

and leg pain that persists to the present day.  Claimant contends that her surgery in 2014 alleviated her symptoms from the car accident; the medical records, however, document that she requested prescriptions for various pain medications, which she has taken regularly since 2012.  Those records also reflect that Claimant's pre-existing TMJ, dental issues, and chronic headaches also persist.  To the extent this medical evidence conflicts with Claimant's testimony, it was the role of the ALJ to resolve such conflict, and we will not disturb that exercise of discretion.

¶12        Drs. Patel and Bedi, who treated Claimant after her industrial accident, both reported that in light of her history, it was likely that the industrial accident was at most a temporary aggravation of a pre-existing condition.  Dr. Beghin testified that during his medical evaluation of Claimant, she was not cooperative and essentially would not allow him to examine her.  Dr. Beghin further testified that Claimant's medical records reflected that other doctors had concluded Claimant's pain was nonorganic,[1] and that Claimant presented with no significant neurological disorder.  In that regard, Dr. Beghin specifically noted a report by Dr. Kahn detailing an examination where Claimant reported "significant pain with any attempted movement of her right arm, but at the end of the exam [Claimant] started gesturing freely with her right arm."  Dr. Beghin concluded that Claimant presents no "objective evidence of an injury to the cervical spine or the lumbar spine," that she "presents with a nonorganic disorder, and that's why all of the treatment has failed to date."

¶13        Dr. Parker diagnosed Claimant with "Somatic Symptom Disorder with Predominant Pain,"[2] noting her subjective symptoms "have not been supported by objective criteria."  Dr. Parker also noted the

---

[1]        "Nonorganic findings are physical findings that do not have a direct anatomical cause and are distinct from physical findings of organic pathology."  Laura Jensen, MD, *Nonorganic Findings—What Are They?*, 51 British Columbia Med. J. 106, https://www.bcmj.org/icbc/nonorganic-findings—what-are-they.

[2]        The American Psychiatric Association defines Somatic Symptom Disorder as "involv[ing] a person having a significant focus on physical symptoms, such as pain . . . that results in major distress and/or problems functioning.  The individual has excessive thoughts, feelings and behaviors relating to the physical symptoms."
*What Is Somatic Symptom Disorder?*, AMERICAN PSYCHIATRIC ASSOCIATION, https://www.psychiatry.org/patients-families/somatic-symptom-disorder/what-is-somatic-symptom-disorder.

consensus among Drs. Beghin, Kahn, Guidera, Borowsky, and Hood, each of whom "found [Claimant's] symptoms to be excessive, and to have no relationship to the subject industrial injury."

¶14 Regarding Claimant's alleged dental issues, Dr. Hood testified that Claimant was diagnosed in 2003 with TMJ, which can cause headaches and a sore jaw, and she was diagnosed in 2011 with bruxism—grinding and clenching of the teeth, which can cause fractured teeth, broken crowns, and headaches. Dr. Hood further testified the fact that Claimant's teeth had shifted from a normal anatomical position was almost certainly a result of tongue-thrusting—the pushing of the tongue against the back of one's teeth—which results in long-term shifting of the affected teeth. Dr. Hood concluded that the industrial accident resulted in no dental trauma to Claimant.

¶15 In her decision, the ALJ cited the reports and/or testimony of each of the medical professionals discussed in the preceding paragraphs, and noted the consistent observation by these specialists that Claimant's complaints "are not medically verifiable." The ALJ noted that there was some conflicting medical evidence, but gave greater weight to and adopted the opinions of Drs. Beghin, Kahn, Guidera, Borowsky, Hood, and Parker, finding that "their collective findings and conclusions [are] more probably correct and well-founded." This conclusion was well within the ALJ's discretion, *Walters*, 134 Ariz. at 599, and our review of the record supports such a finding. Accordingly, we conclude that the ALJ's decision is sufficiently supported by the record and is therefore proper.

¶16 Finally, we note Claimant's contentions that her counsel failed to introduce certain evidence,[3] that opposing counsel acted improperly in the handling and presentation of the evidence, and that reports resulting from certain medical examinations of Claimant contained misstatements and inaccuracies. Because these issues are either not properly before us, or because Claimant has failed to develop these arguments, and because our independent review of the record reveals no support for these allegations, we decline to address them further. *AMERCO*, 184 Ariz. at 154 n.4.

---

[3] To the extent Claimant is arguing her counsel fell below the standard of care or provided ineffective assistance of counsel, those issues are not properly before us and we do not consider them.

## CONCLUSION

¶17        Finding no error in the ALJ's decision, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA