393 P.3d 156

**Nancy WAGNER, Plaintiff/Appellant,**

**v.**

**STATE of Arizona, Defendant/Appellee.**

**No. 1 CA-CV 16-0134**

Court of Appeals of Arizona, Division 1.

FILED 4/20/2017

Jones Raczkowski, PC, Phoenix, By Mack T. Jones, Counsel for Plaintiff/Appellant

O'Connor & Campbell, PC, Tempe, By Daniel J. O'Connor, J. Edward Doman, Jr., Counsel for Defendant/Appellee

Judge Kent E. Cattani delivered the opinion of the Court, in which Presiding Judge Peter B. Swann and Judge Donn Kessler joined.

## OPINION

CATTANI, Judge:

¶1 In this appeal, we address whether an employee of a private contractor working in a state-owned prison is a statutory employee of the State such that workers' compensation, rather than a tort action against the State, is the exclusive remedy for injuries sustained at work. We hold that, because the State in this case retained the right to control or supervise the contractor's work, and because the services constitute a part or process in the usual and regular course of the State's business, the employee was a statutory employee of the State and could not pursue a tort action against the State for her work-related injuries. Accordingly, and for reasons that follow, we affirm the superior court's grant of summary judgment in favor of the State.

## FACTS AND PROCEDURAL BACKGROUND

¶2 While working as a clinical social worker at a prison operated by the Arizona Department of Corrections ("ADC"), Nancy Wagner slipped and fell on an unmarked wet floor. Wagner was working at the time as an employee of Wexford Health Services, Inc., which had a contract with ADC to provide healthcare services at state-owned prisons.

¶3 Wagner filed a workers' compensation claim against Wexford and received benefits. She also sued the State, arguing that ADC negligently failed to maintain the prison where she fell.

¶4 After conducting discovery, the State moved for summary judgment, arguing that because ADC was Wagner's statutory employer under Arizona Revised Statutes ("A.R.S.") § 23–902(B), workers' compensation was her exclusive remedy under A.R.S. § 23–1022(A).[1] The court entered summary judgment for the State on that basis, and Wagner timely appealed.

## DISCUSSION

¶5 Wagner argues that summary judgment was improper, alleging that ADC was not her statutory employer under A.R.S.

1. Absent material revisions after the relevant date, we cite a statute's current version.

§ 23–902(B) because ADC did not have sufficient control or supervision over her work, and because the work provided by Wexford was not a part or process of ADC's trade or business. We review the court's summary judgment ruling de novo, and view the facts in the light most favorable to the non-moving party. *Tilley v. Delci*, 220 Ariz. 233, 236, ¶ 7, 204 P.3d 1082 (App. 2009). Summary judgment is appropriate only if "the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a); *see also Orme Sch. v. Reeves*, 166 Ariz. 301, 309, 802 P.2d 1000 (1990).

¶ 6 Unless an employee specifically rejects workers' compensation before injury, the workers' compensation system is the exclusive remedy for that employee to recover damages resulting from his or her employer's negligence. A.R.S. § 23–1022(A); *Anderson v. Indus. Comm'n*, 147 Ariz. 456, 457, 711 P.2d 595 (1985). Under A.R.S. § 23–902(B), an entity that hires a contractor may be the statutory employer of the contractor's employees for workers' compensation purposes if (1) the entity "retains supervision or control" over the contractor's work and (2) the contractor's "work is a part or process in the trade or business of the [entity]." *See also Young v. Envtl. Air Prods., Inc.*, 136 Ariz. 158, 163–64, 665 P.2d 40 (1983). The statutory employer provision generally "covers all situations in which work is accomplished which th[e] employer, or employers in a similar business, would ordinarily do through employees." *Basurto v. Utah Constr. & Mining Co.*, 15 Ariz.App. 35, 41, 485 P.2d 859 (App. 1971).

¶ 7 Wagner argues that a provision in the contract between Wexford and ADC, which provides that neither Wexford nor its employees should be considered employees of ADC "under any circumstances," creates a fact question as to whether she was a statutory employee of ADC. But the label parties give to their relationship does not end our inquiry into whether one party is an employee of the other. *Anton v. Indus. Comm'n*, 141 Ariz. 566, 568, 688 P.2d 192 (App. 1984). Rather, we look to the substance of the contract, *id.* recognizing that we should strictly construe the statute "when loss of the worker's common law rights is the object for which the statute is invoked." *Young*, 136 Ariz. at 163, 665 P.2d 40.

¶ 8 A hiring entity, such as ADC here, exercises supervision or control over the contractor if the entity retains "the right to control or supervise the methods of obtaining a specific result." *Hunt Bldg. Corp. v. Indus. Comm'n*, 148 Ariz. 102, 105, 713 P.2d 303 (1986). To determine whether an employer is a statutory employer of an independent contractor's employee, we consider the control exercised by the employer over the contractor, not the employee. *Young*, 136 Ariz. at 163, 665 P.2d 40.

¶ 9 In assessing whether an entity has such supervision or control, the court considers the totality of the circumstances, including the following factors:

> the duration of the employment; the method of payment; who furnishes necessary equipment; the right to hire and fire; who bears responsibility for work[ers'] compensation insurance; the extent to which the employer may exercise control over the details of the work[;] and whether the work was performed in the usual and regular course of the employer's business.

*Home Ins. Co. v. Indus. Comm'n*, 123 Ariz. 348, 350, 599 P.2d 801 (1979).

¶ 10 Applying the *Home Insurance* factors here, we note that ADC retained the right to control Wexford's provision of healthcare to inmates in the state prison system, regardless of the label used in the contract. Wexford and ADC entered into an exclusive 3–year contract under which ADC provided and maintained facilities and fixtures for health services. ADC retained the power to approve Wexford's hires, and Wexford was required to notify and consult with ADC officials before "discharging, removing or failing to renew the Contracts of professional staff." Although Wexford carried workers' compensation insurance for its employees, it did so pursuant to ADC's requirements. And the contract required Wexford to give ADC monitoring personnel "free access to all Contract areas at any time and . . . free access to

staff and work products, and to any correspondence, records, reports, or other written and/or electronic materials dealing with [the] Contract." These monitors were tasked with reviewing Wexford's compliance with ADC-mandated procedures "on a random and routine basis" "to assure that correctional health service needs of the inmate population are adequately met." Thus, ADC had the right to control the methods of Wexford's work, satisfying the first prong of § 23–902(B).

¶ 11 Wagner also argues that the provision of healthcare to inmates is not a "part or process in" ADC's trade or business. A work activity is part or process of an employer's trade if "in the context of an ongoing and integral business process [the work activity] is regular, ordinary or routine in the operation of the business or is routinely done through the business' own employees." A.R.S. § 23–902(B).

¶ 12 Wagner points to the Legislature's privatization of prison healthcare as evidence that the provision of health services to inmates is not a part or process in ADC's business. *See generally* 2011 Ariz. Sess. Laws, ch. 278 (50th Leg., 1st Reg. Sess.). But ADC has an ongoing duty to ensure that inmates receive adequate health services. A.R.S. § 31–201.01(D); *see also Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (holding that "deliberate indifference to serious medical needs of prisoners" violates the Eighth Amendment). ADC's use of a contractor to provide health services does not relieve it of this duty. *See DeMontiney v. Desert Manor Convalescent Ctr. Inc.*, 144 Ariz. 6, 8, 695 P.2d 255 (1985) (holding that when a county provided mental health services through a contractor, it could not delegate "the overriding duty to provide care and treatment" to involuntary commitment patients). Even after ADC hired Wexford to provide healthcare to inmates, the provision of healthcare remained a part or process in ADC's maintenance of the state prison system.

¶ 13 Because both prongs of A.R.S. § 23–902(B) are satisfied, Wagner was a statutory employee of ADC at the time of her injury. Accordingly, the superior court correctly entered summary judgment in favor of the State.

## CONCLUSION

¶ 14 For the foregoing reasons, we affirm.